UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA SHAPIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 6506 |
| | ) | |
| UNITED RECOVERY SERVICE, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant United Recovery Service, LLC ("URS") to dismiss the complaint of Plaintiff Julia Shapiro ("Shapiro") pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

**BACKGROUND**

According to the allegations of the complaint, which we must accept as true for purposes of this motion, Shapiro incurred a debt to Advocate Physician Group for medical services. After the debt was deemed to be in default, URS obtained it and attempted collection. On November 20, 2007, URS issued a letter to Shapiro stating, in pertinent part, "[u]nless you, the recipient of this notice, dispute the validity of this debt in whole or in part within thirty (30) days after receipt of this notice, this debt will assumed to be valid." Shapiro contends that because it did not specify who would

assume the debt's validity, URS's notice was deceptive and misrepresented her rights under the Fair Debt Collection Practice Act ("FDCPA" or "Act"). 15 U.S.C. §§ 1692e, 1692e(10), 1692g, 1692g(a)(3), and 1692g(c). She seeks statutory damages, costs, and reasonable attorney fees.

URS filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Shapiro's complaint fails to state a claim under the FDCPA.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). With these principles in mind, we turn to URS's motion.

# DISCUSSION

URS asserts that the court should dismiss Shapiro's complaint because the notice that it supplied properly informed Shapiro of her right to dispute the validity of the debt under the unsophisticated consumer standard of the FDCPA. The Seventh Circuit has held that the unsophisticated consumer is regarded as "uninformed, naive, or trusting." *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003). However, the consumer is considered to have rudimentary knowledge about the financial world and is fully capable of making logical inferences. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004). Shapiro resists URS's motion on the basis that she was uninformed as to who considered the debt valid—either URS or an unknown third party. It is based on Shapiro's misunderstanding that she perceives URS violated the FDCPA.

Section 1692g(a)(3) of the FDCPA states the following:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*.

15 U.S.C. § 1692g(a)(3) (emphasis added).

Shapiro contends that URS's failure to include the phrase "by the debt collector" that appears in the statute misrepresented to whom the debt was valid. According to

Shapiro, the omission of this particular language caused her to guess whether URS, the creditor, or some other entity considered the debt valid. No other improper terminology is alleged. URS asserts that the letter issued to Shapiro did, at minimum, explain the debtor's rights to dispute the debt and demand verification. *See Vazquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 655 (N.D. Ill. 1997).

The FDCPA was enacted to eliminate the abusive collection efforts of debt collectors. 15 U.S.C. § 1692e. Accordingly, the Act created certain standards of communications that debt collectors must follow when collecting debts. One requirement is to inform debtors of their rights to dispute the debt and demand verification. 15 U.S.C. § 1692g. Reviewing the subject letter attached as an exhibit to Shapiro's complaint, we find that even an unsophisticated consumer would be aware that the assumption of validity would be on the part of URS, the debt collector. First, the letter is written on URS's stationery with their contact information located in bold at the top of the page. Next, the sentence immediately following the sentence omitting "the debt collector" states that if Shapiro disputes the debt she is to notify "this office." Moreover, URS advises in the letter that any questions about the claim are to be directed to its office. When we consider the whole letter, the term "this office" can only mean URS. URS also advises Shapiro that it represents Advocate Physician Group in collecting the debt and has the right to act as its debt collector. The unsophisticated

consumer standard, while forgiving, still involves an objective standard of reasonableness to protect debt collectors "from liability for unrealistic or peculiar interpretations of collection letters." *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483-484 (7th Cir. 1997). Although the letter does not expressly include the language "by the debt collector," even unsophisticated consumers would recognize that URS is the entity that will assume the debt is valid. Shapiro's perception that the letter is deceptive on this basis only and that she is entitled to statutory relief is an unrealistic expectation. As such, Shapiro fails to state a cognizable claim under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

Charles P. Kocoras
United States District Judge

Dated:   May 12, 2009